UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SEBASTIAN LUCIDO a/k/a Buster, et al.,

    Defendants.
_____/

Case No. No. 92-80152

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING DEFENDANT SEBASTIAN LUCIDO'S MOTION FOR EXPUNGEMENT [464]**

Defendant Sebastian Lucido moves for the expungement of all records relating to his arrest and indictments. In 1992, Defendant was arrested and indicted on multiple counts in two separate cases which subsequently led to acquittals in this Court in 1993. Because Defendant does not show extraordinary circumstances that would warrant this relief, Defendant's motion is DENIED.

**I. Facts**

Defendant was indicted on charges of Structuring Transactions to Evade Reporting Requirements and Aiding and Abetting in one case, and seven counts of financial offenses in a second case. (Mot. at 2-3). This Court entered an acquittal in the first case, and the jury returned a not guilty verdict on all counts in the second case. *Id.* Defendant alleges that he and his business have been harmed by the disclosure and oversight requirements required as part of his profession as a licensed broker-dealer, subject to the rules of the Securities and Exchange Commission. (Mot. at 3). Specifically, Defendant alleges that an independent oversight entity, the Financial Industry Regulatory Authority ("FIRA"), reports

his arrest record as part of their "BrokerCheck" feature, which is available to the public. (Mot. at 3-4). FIRA accurately reports that Defendant was indicted, and subsequently acquitted of all charges. (Resp., Attachment 1).

## II. Analysis

### A. Jurisdiction

At the outset, the parties dispute this Court's jurisdiction over this matter. The Government argues that *Kokkonen v. Guardian Life Insurance Co.,* 511 U.S. 375 (1994), limits a federal court's ancillary jurisdiction and precludes the exercise of jurisdiction over expungement motions. (Resp. at 2). Defendant argues that this Court has jurisdiction to expunge criminal records for equitable reasons and that *Kokkonen* does not foreclose the exercise of jurisdiction over these matters. (Repl. at 1). For the reasons that follow, the Court concludes that it has jurisdiction over this matter.

The Sixth Circuit has opined that "[i]t is within the inherent equitable powers of a federal court to order the expungement of a record in an appropriate case." *United States v. Doe*, 556 F.2d 391, 393 (6th Cir. 1977). The Government argues that *Kokkonen* "sharply limited the ancillary jurisdiction of federal courts . . . ." (Resp. at 2). *Kokkonen,* however, did not deal with expungement and instead dealt with a claim for the breach of a settlement agreement where the settled claim first arose in federal court. *Kokkonen*, 511 U.S. at 376-77. The Court recognized that ancillary jurisdiction has been exercised for two general purposes: (1) to dispose of related claims in a single action before one court, and "(2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees . . . ." *Id.* at 379-80 (citations omitted). Declining to exercise jurisdiction, the *Kokkonen* Court observed that none of holdings of its cases "has,

for purposes of asserting otherwise nonexistent federal jurisdiction, relied upon a relationship so tenuous as the breach of an agreement that produced the dismissal of an earlier federal suit." *Id.* at 379.

Contrary to the Government's argument, *Kokkonen*'s holding does not divest this Court of jurisdiction to entertain Defendant's motion for expungement. *See id.* ("It is to the holdings of our cases, rather than their dicta, that we must attend . . . ."). In fact, courts within the Sixth Circuit have not found *Kokkonen* to limit the exercise of jurisdiction in this context and have continued to rely on *Doe* to recognize the federal court's inherent equitable power to order expungement. *See United States v. Robinson*, No. 94-1945, 1996 WL 107129, *1 (6th Cir. March 1, 1996) (citing *Doe* and recognizing that federal courts have the jurisdiction and authority to order the expungement of criminal records in appropriate cases); *United States v. Eppinger*, No. 88-50058, 2008 WL 2695920, *1 (E.D. Mich. July 2, 2008) (same).

Although other Circuit Courts of Appeal have held that jurisdiction does not exist to entertain motions for expungement of criminal records based solely on equitable grounds, the Sixth Circuit has not adopted this reasoning or reversed the holding in *Doe*. *See United States v. Dunegan*, 251 F.3d 477, 480 (3d Cir. 2001) (holding that "in the absence of any applicable statute enacted by Congress, or an allegation that the criminal proceedings were invalid or illegal, a District Court does not have the jurisdiction to expunge a criminal record, even when ending in an acquittal."). *See also United States v. Coloian*, 480 F.3d 47, 51-52 (1st Cir. 2007) (recognizing a split on this issue in the Circuit Courts of Appeal, rejecting the position adopted by the Second, Seventh, Tenth and D.C. Circuits, and agreeing with the Third, Eighth and Ninth Circuits that ancillary jurisdiction does not exist when a defendant

seeks expungement of his criminal record on equitable grounds).

Having determined that this Court has jurisdiction to consider Defendant's motion, the only question that remains is whether the expungement is appropriate in this instance.

**B. Expungement**

Expungement is a rare form of relief, ordered in very few cases. "The view among the federal courts is that records of valid arrests, indictments or convictions ordinarily may not be expunged." *United States v. Flagg*, 178 F.Supp.2d 903, 905 (S.D. Ohio 2001) (footnote and citations omitted). "The rationale for generally refusing to expunge arrest or indictment records is that an arrest or indictment has independent legal significance, insofar as it shows the existence of probable cause to believe that a defendant committed a crime, even when the Government ultimately fails to prove guilt." *Id.* (citing *United States v. Schnitzer*, 567 F.2d 536, 540 (2d Cir. 1977)).

The exceptions to this rule typically arise where there is an underlying issue with the validity of the arrest or indictment itself, or where the charges are dismissed and the Government concedes the defendant's innocence. *See, e.g., United States v. Van Wagner*, 746 F.Supp. 619 (E.D. Va. 1990) (expunging records where the Government dismissed all charges and conceded the defendant's innocence); *Kowall v. United States,* 53 F.R.D. 211 (W.D. Mich. 1971) (denying the Government's motion to modify an order of expungement of an arrest and criminal record based on a charge that was later invalidated by Supreme Court case law). *See also Flagg*, 178 F.Supp.2d at 905-06 (citing additional cases).

In situations where the defendant has been acquitted, pleaded to charges, or has served a sentence, courts in this Circuit have routinely denied expungement of the

4

corresponding criminal records. *See Eppinger*, 2008 WL 2695920 (defendant pleaded guilty); *Flagg*, 178 F.Supp.2d 903 (charges dismissed and not refiled as part of a plea agreement with another defendant); *Robinson*, 79 F.3d 1149 (defendant pleaded guilty and served sentence).

Defendant has not shown that his circumstances warrant the relief sought. He was the subject of a valid arrest and indictment and was subsequently tried. The Government has not conceded his innocence, nor is there any question of the validity of the indictments that he seeks to expunge. Those records continue to bear independent legal significance. Although Defendant was acquitted, an acquittal alone is not cause for expungement. *See Flagg*, 178 F.Supp.2d at 905.

### III.  Conclusion

For the foregoing reasons, Defendant's motion to expunge his arrest and indictment records is DENIED.

s/Nancy G. Edmunds  
Nancy G. Edmunds  
United States District Judge

Dated: March 19, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 19, 2009, by electronic and/or ordinary mail.

s/Carol A. Hemeyer  
Case Manager